COMMERCIAL CREDIT CORPORATION, Plaintiff, *v.* NORTHERN WESTCHESTER BANK, Defendant.

Supreme Court, New York County, February 20, 1930.

*Dills & Towsley*, for the plaintiff.

*Edward P. Barrett*, for the defendant.

WALSH, J. This is an action in replevin brought to recover six new automobiles. It was submitted on an agreed state of facts as to the issues raised in the first cause of action and upon stipulation that said facts are substantially the same in each of the five other causes of action. Plaintiff and defendant are both organized under the Banking Laws of the State of New York, plaintiff being engaged in commercial financing and defendant being in the general banking business. Neither plaintiff nor defendant is, nor at any time was, engaged in the automobile business. Among other things, plaintiff was and is engaged in the business of financing the wholesale purchase of new automobiles by automobile dealers from the manufacturers thereof. One John F. Bryan was engaged in the selling of automobiles at retail in Katonah and Bedford Hills, N. Y., under the trade name of Valley Road Garage. He will be hereafter designated as the dealer. Plaintiff originally acquired title to the automobile concerned directly from the manufacturer in accordance with an agreement with the manufacturer and the dealer for the extension of credit by plaintiff to said dealer. Possession of the automobile was subsequently delivered to the dealer upon his execution of a certain trust receipt, which was neither filed nor recorded. The dealer placed the car on exhibition in his showroom. Thereafter he executed a bill of sale to defendant as collateral security for a promissory note in the sum of $1,000 given to defendant by the dealer at the same time. The dealer remained in complete and undisturbed possession of the automobile until the time defendant took possession of same upon the dealer's default in payment of the promissory note. Thereafter plaintiff seized the automobile from the possession of defendant pursuant to the writ of replevin issued in this action. Defendant had no notice or knowledge of the existence of the trust receipt or any knowledge or information that the dealer was not the true owner of the automobile at the time of his delivery to defendant of the bill of sale and the promissory note.

The pertinent provisions of the trust receipt are as follows: " For

valuable consideration Undersigned (dealer) agrees to hold said motor vehicles in trust as the property of Commercial Credit and to return all or any of them to Commercial Credit upon demand. Commercial Credit * * * may repossess all or any of said motor vehicles without notice or demand. * * * Undersigned (dealer) shall not lend, rent, mortgage, pledge, encumber, operate, use or demonstrate said motor vehicles. * * * Undersigned (dealer) may sell all or any of said motor vehicles for cash for not less than the sum mentioned in an order or orders to release them from trust, and immediately after any sale shall deliver the proceeds thereof to Commercial Credit, and until delivery shall hold such proceeds in trust for Commercial Credit separate from the funds of Undersigned (dealer). * * * " Having clothed the dealer with apparent ownership, and having expressly conferred on him permission to sell, which authority it would seem implied the right to display for sale, plaintiff is estopped to deny, as against a creditor in good faith who contracted with such dealer for the sale or disposition of the automobile, that the dealer had the right to dispose of the same.

It has long been the rule that, where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the condition which enabled the third party to perpetrate the wrong or cause the loss. Any other rule would open the door to fraud and sharp practice and would carry entirely too far the doctrine that the owner of personal property may give the same into the possession of another upon such conditions as they may agree and then repossess himself upon a breach of such conditions even as against innocent third parties claiming under the conditional vendee or agent. Furthermore, the rights of the parties are governed by the Factor's Act (Pers. Prop. Law, § 43, subd. 1, as amd. by Laws of 1915, chap. 273), under the provisions of which the plaintiff by intrusting the dealer as its agent with the possession of the automobile and permitting him to dispose of the same is estopped from denying the validity of the contract made between said dealer and the defendant. (See *Cartwright* v. *Wilmerding*, 24 N. Y. 521; *N. Y. Security & Trust Co.* v. *Lipman*, 157 id. 551; *Freudenheim* v. *Gutter*, 201 id. 94; *Clark* v. *Flynn*, 120 Misc. 474.) It being conceded that the trust receipt was not a conditional bill of sale or a chattel mortgage, the statutes relating to the filing and recording of such instruments have no application.

Judgment for defendant. Submit decision on notice.